# In the
# United States Court of Appeals
## For the Seventh Circuit

---

No. 07-2790

COMMODITY FUTURES TRADING COMMISSION,

*Plaintiff-Appellee,*

*v.*

LAKE SHORE ASSET MANAGEMENT LIMITED,

*Defendant-Appellant.*

---

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 07 C 3598—**Blanche M. Manning**, *Judge.*

---

SUBMITTED AUGUST 1, 2007—DECIDED AUGUST 2, 2007

---

Before EASTERBROOK, *Chief Judge*, and BAUER and
MANION, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. The Commodity Futures
Trading Commission believes that Lake Shore Asset
Management, a commodity-pool operator and adviser in
the derivatives business, has failed to produce on demand
the records required by 7 U.S.C. §6n(3)(A) and the corre-
sponding regulations, 17 C.F.R. §§ 1.31, 4.23, and 4.33. On
June 27, 2007, the day after the CFTC filed its complaint,
the district court issued an *ex parte* order requiring Lake
Shore to comply with the CFTC's view of its records-
related obligations. The order also freezes all assets of

Lake Shore and other firms under common control. Four entities fit that description; they do business outside the United States but are covered by the order. The freeze affects more than $200 million in customers' property.

The judge did not explain her reason for issuing the order or the thinking behind the asset freeze in particular. Both Lake Shore and its customers—principally large and sophisticated businesses, such as the Royal Bank of Canada—are dissatisfied with the freeze and asked the district court for relief. Liquidity is valuable to customers in the derivatives business, and the freeze prevents customers from trading or cashing out their positions for an indefinite period. But on July 13 the judge extended the injunction, with only modest changes in language, "until further order of Court." The court set a briefing schedule that will last until August 23 and promised a ruling by mail. It did not, however, hold or schedule an evidentiary hearing.

A temporary restraining order that remains in force longer than 20 days must be treated as a preliminary injunction, which allows an appeal under 28 U.S.C. §1292(a)(1). See *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 433 (1974); *Chicago United Industries, Ltd. v. Chicago*, 445 F.3d 940, 943 (7th Cir. 2006). An immediate appeal is proper under these decisions. *Carson v. American Brands, Inc.*, 450 U.S. 79 (1981), which the CFTC invokes for the proposition that we lack appellate jurisdiction, addressed the question whether, by refusing the parties' request to enter a consent decree, and calling for further submissions, the district court had "denied" anyone's motion for an injunction. There is no doubt here that the district court has issued an injunction; nothing more is required under §1292(a)(1).

Passage of 20 days without an evidentiary hearing usually means that a TRO must be vacated, for 20 days is

the limit on *ex parte* relief set by Fed. R. Civ. P. 65(b). The CFTC argues, however, and the district judge held, that Rule 65(b) is inapplicable because this injunction is authorized by §6c of the Commodity Exchange Act, 7 U.S.C. §13a–1(a). That statute does not set a time limit for *ex parte* orders, and as a consequence such orders may last indefinitely, the district judge concluded.

That approach would pose serious constitutional problems. It would allow a business to be destroyed without giving the affected party any opportunity to present evidence. Rule 65(b) permits emergency action while ensuring that district courts use an adversarial, rather than an inquisitorial and *ex parte* approach, as soon as time allows. There is no longer any emergency in this case; the district court has had ample time to offer Lake Shore a hearing, and the fact that some statute does not *compel* a hearing does not imply that the court may ignore the defendant's evidence and arguments.

Section 13a–1(a) does not say that hearings are unnecessary, let alone that they are forbidden. It is silent on the question. Like hundreds if not thousands of similar provisions in the United States Code, it authorizes district courts to provide equitable relief but does not cover judicial procedure. Such a statute alters the common law—for example, it dispenses with the need to show irreparable injury, see *CFTC v. Hunt*, 591 F.2d 1211, 1220 (7th Cir. 1979)—but that effect on the substantive rules of decision does not imply that norms for the conduct of litigation have been discarded. The absence of a statutory time limit for *ex parte* relief no more implies that such relief may last forever than a statute's failure to mention an answer or testimony at a hearing implies that defendants are forbidden to answer the complaint or offer evidence when a hearing finally is held. Likewise a statute that authorizes a district court to award damages but does not mention juries does not forbid jury trials;

other laws and rules set out how damages will be ascertained. See *Curtis v. Loether*, 415 U.S. 189 (1974).

A statute that does not speak to procedural matters leaves the Federal Rules of Civil Procedure to govern as usual. See Fed. R. Civ. P. 1, 81 (rules apply to all civil actions except to the extent Rule 81 provides otherwise, and Rule 81 does not create an exception for actions under the Commodity Exchange Act). Any doubt is removed by the supersession clause of the Rules Enabling Act, 28 U.S.C. §2072(b), which says that, when the federal rules and some other law conflict, the rules prevail. See *Henderson v. United States*, 517 U.S. 654 (1996). Congress could of course supersede §2072(b) and the rules in turn, but §13a–1(a) does not do so. Rule 65(b) applies to this litigation.

Because the *ex parte* order has lasted more than 20 days, it must be vacated. The district court should hold a prompt hearing to consider whether a preliminary injunction is appropriate—and, if so, what terms the injunction should have.

It is difficult to read §13a–1(a) to authorize an asset freeze as a "remedy" for a firm's decision not to hand over everything the CFTC wants to see. Cf. *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999). The statute authorizes district courts to enjoin acts or practices that violate the Commodity Futures Act and the CFTC's regulations. Injunctions should be tailored to the violation. Here is §13a–1(a) in full:

> Whenever it shall appear to the Commission that any registered entity or other person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of this Act or any rule, regulation, or order thereunder, or is restraining trading in any commodity for future delivery, the Commission may bring an

> action in the proper district court of the United States or the proper United States court of any territory or other place subject to the jurisdiction of the United States, to enjoin such act or practice, or to enforce compliance with this Act, or any rule, regulation or order thereunder, and said courts shall have jurisdiction to entertain such actions: *Provided,* That no restraining order (other than a restraining order which prohibits any person from destroying, altering or disposing of, or refusing to permit authorized representatives of the Commission to inspect, when and as requested, any books and records or other documents or which prohibits any person from withdrawing, transferring, removing, dissipating, or disposing of any funds, assets, or other property, and other than an order appointing a temporary receiver to administer such restraining order and to perform such other duties as the court may consider appropriate) or injunction for violation of the provisions of this Act shall be issued ex parte by said court.

The CFTC and the district judge appear to have read the proviso as a source of authorization to issue *ex parte* asset freezes in every situation. That is not what the proviso says, however. It says that record-keeping and asset-freeze orders are the *only* kinds of relief that may be adopted *ex parte*, not that district courts should employ these kinds of relief in every case. The court may "enjoin [the] act or practice" that violates the Act; on the CFTC's view, that "act or practice" is the failure to disclose required records.

An asset freeze would be appropriate only if the evidence suggests that customers' financial interests otherwise would be in jeopardy. The district court did not find, however, that a freeze is required for the customers' protection, and it appears to harm them by denying them

control over their investments. The Commission's response in this court does not suggest that the agency has any evidence that customers' assets are endangered. As far as we can tell, no customer has complained about the way Lake Shore and affiliated firms have handled their investments. The principal dispute in this case appears to concern the extent to which transactions by or on behalf of foreign investors, carried out on exchanges in London, must be disclosed to the CFTC; there is no apparent reason why all of these businesses must be shut down while that dispute is resolved.

The *ex parte* order is vacated. The mandate will issue immediately.

A true Copy:

> Teste:

> > _____
> > *Clerk of the United States Court of*
> > *Appeals for the Seventh Circuit*